John W. Williams, Jr., and Carol M. Williams v. Commissioner.
Williams v. Commissioner
Docket No. 3624-68.
United States Tax Court
T.C. Memo 1970-187; 1970 Tax Ct. Memo LEXIS 176; 29 T.C.M. (CCH) 853; T.C.M. (RIA) 70187; June 30, 1970, Filed John W. Williams, Jr., pro se, 1382 North Cliff Valley Way, N. E., Atlanta, Ga. David S. Meisel, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined deficiencies in income tax for the taxable years 1965 and 1966 in the respective amounts of $241.51 and $251.74. The only issue presented is whether expenses incurred by John W. Williams during 1965 and 1966 in attending law school constituted ordinary and necessary business expenses under section 162(a) of the Internal Revenue Code of 1954. *177 Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. John W. and Carol M. Williams are husband and wife and resided in Atlanta, Georgia, at the time they filed their petition herein. They filed joint Federal income tax returns for the taxable years 1965 and 1966 with the district director of internal revenue, Atlanta, Georgia. Since Carol M. Williams is a party hereto only because joint returns were filed for the years in question, John W. Williams will hereinafter be referred to as the petitioner. The petitioner attended Georgia Institute of Technology from 1956 until 1958 and Georgia State College from 1958 until 1961. He received a degree in business administration from Georgia State College in August 1961. Throughout the period of his undergraduate studies the petitioner provided his own support by working. In October 1961, petitioner took the Federal Service Entrance Examination. As a part of this examination, the petitioner was required to set forth a narrative statement regarding Federal careers in which he was interested. The petitioner's response to this requirement provided in part as follows: I am most interested *178 in a career that involves law or legal work. I have recently completed requirements for a degree in business administration and plan to further my education by studying law. I plan to work while doing so and any position that parallels legal action would benefit me greatly. * * * After the petitioner was notified that he had passed the examination, he had interviews with the Federal Aviation Administration, the Social Security Administration, 854 and the Internal Revenue Service. On June 25, 1962, the petitioner accepted employment with the Internal Revenue Service as a revenue officer at grade GS-1169-5. A revenue officer's duties relate primarily to the collection of delinquent taxes and the securing of deliquent returns. [1] At the GS-1169-5 level the revenue officer deals only with relatively simple problems in these areas. However, as a revenue officer progresses to higher grades, the problems he is expected to deal with become increasingly more complex. For example, at grade GS-1169-9, a revenue officer may expect to (1) conduct interviews with taxpayers and their representatives relating to methods for determining and liquidating tax liabilities, (2) conduct seizures *179 and sales of real and personal property after determining the Government's lien rights or equity in such property, (3) conduct investigations which involve decedents' estates and various insolvency proceedings under state and federal law, and (4) make determinations relating to 100 percent penalty assessments against corporate officers, transferee assessments, offers incompromise, and various enforcement procedures. At grade GS-1169-11 a revenue officer may be expected to perform duties similar to the above in cases in which the income of the delinquent taxpayer is relatively large and the issues are of greater complexity. A law degree is not required to obtain or retain the position of revenue officer. However, the duties of a revenue officer are such that legal training aids him in their performance. Shortly after he was employed as a revenue officer, the petitioner was given a 6-week training course by the Internal Revenue Service in Atlanta, Georgia. Thereafter he received on-the-job *180 training for about 5 months after which he returned to Atlanta for a second training course of 5 weeks duration. He was then transferred to Brunswick, Georgia, where he worked as a revenue officer. As a part of his training, petitioner was required to take correspondence courses developed by the Internal Revenue Service in evidence, procedure, and basic income tax law. The Internal Revenue Service also offered a number of other related courses including courses in legal writing, advanced income tax, and accounting which it encouraged its employees to take. Petitioner, however, took only the required courses. In August 1964, the petitioner was transferred from Brunswick to Atlanta at his request and at his expense in order to attend law school at night at Emory University. At this time the petitioner was married and was a grade GS-1169-9 revenue officer earning about $7,500 annually. The petitioner attended evening classes at Emory University School of Law from September 1964 until December 1967. His curriculum included courses in legal bibliography, torts, contracts, criminal law, criminal procedure, agency, insurance, legal ethics, remedies, property, civil procedure, evidence, *181 legal writing, trusts, wills, federal jurisdiction, and constitutional law. During 1965 and 1966 there were 7 groups of revenue officers operating in the Atlanta district, of which 4 groups were located in the City of Atlanta. During those years the average number of revenue officers operating in the City of Atlanta was 32 or more. At one time, of all the revenue officers located in the City of Atlanta, there were 12, including petitioner, who were either attending law school or had previously attended law school. [2] In 1964 and 1965 there were 4, including petitioner, attending law school. In 1966 petitioner was the only revenue officer in Atlanta attending law school. In June 1967, petitioner took and passed the Georgia Bar Examination. No law degree is required to become a member of the Georgia Bar. Petitioner was given two days administrative leave to take the bar examination pursuant to the then existing policy of the Internal Revenue Service. Such policy, set forth in Manual Supplement No. 19G-55, provides in part as follows: It has been determined that, although the basic qualification requirements for the kinds *182 of positions mentioned * * * below [including that of revenue officer], do not specify admission to the Bar or possession of a CPA certificate, such distinguished attainments, with the backgrounds they represent, enhance the technical efficiency of the Revenue Service. Also, such professional stature permits Service personnel to deal on level ground with similarly qualified personnel of other Governmental agencies 855 and with private tax and law practitioners. Therefore, administrative leave for the taking of the examinations is being provided to tangibly demonstrate the Service's interest in its employees' acquiring the top qualification of their profession. * * * In December 1967 the petitioner completed law school and was graduated with a J.D. degree. At this time the petitioner was a grade GS-1169-11 revenue officer. On January 2, 1968, the petitioner left his employment with the Internal Revenue Service and entered the private practice of law. During the taxable years 1965 and 1966 the petitioner paid the respective amounts of $1,432.29 and $1,442.72 as expenses in connection with his legal education (tuition, books, and mileage expenses), and on his returns for those *183 years deducted such amounts as ordinary and necessary business expenses. In the notice of deficiency the respondent determined that the claimed deductions were not allowable on the ground that such education was primarily undertaken to qualify petitioner in a new trade or business or specialty. The legal education was not undertaken by the petitioner primarily for the purpose of maintaining or improving skills required in his employment as a revenue officer, but was undertaken primarily for the purpose of enabling him to pass the bar examination and qualify for the practice of law. Opinion Section 162(a) of the Internal Revenue Code of 1954 allows as a deduction all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. On the other hand, section 262 of the Code provides that no deduction shall be allowed for personal, living, or family expenses. It is the petitioner's position that the expenses incurred by him during 1965 and 1966 in attending Emory University School of Law constituted ordinary and necessary business expenses under section 162(a) of the Code. In presenting his case, he has elected, *184 pursuant to the provisions of Rev. Rul. 68-191, 1968-1 C.B. 67, to rely upon the provisions of section 1.162-5 of the Income Tax Regulations as they existed prior to their amendment by T.D. 6918, [3]1967-1 C.B. 36. He contends that the expenses incurred during 1965 and 1966 in attending law school were for education undertaken primarily for the purpose of maintaining or improving skills required in his employment as a revenue officer. *185 It is the respondent's position that the petitioner's primary purpose in attending law school was not to maintain or improve skills required by petitioner in his employment as a revenue officer, but to qualify him for a new trade, business, or specialty. We have heretofore pointed out in Cosimo A. Carlucci, 37 T.C. 695, that the fact that education may result in obtaining a degree, a new position or advancement does not preclude the deduction of the costs thereof, if the education was undertaken primarily for the purpose of maintaining or improving skills required by the employee in his then employment. The question of a taxpayer's primary purpose in undertaking the education is essentially one of fact which must be decided upon the basis of all the facts and circumstances in a particular case. The evidence establishes that legal training is of benefit to a revenue officer in the 856 performance of his duties. There remains, however, the question whether the petitioner's primary purpose in attending law school was to maintain or improve the skills required by him in his employment as a revenue officer. The petitioner relies in part upon that portion of the *186 regulations which states that if it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken the education primarily to maintain or improve skills required by him in his employment. However, the evidence presented falls far short of proving that it is customary for established revenue officers to attend law school. While the petitioner testified that he undertook the education to maintain and improve the skills of his position, and while this may have been one of his purposes, we are not satisfied, considering the record as a whole, that this was his primary purpose. The judicial ascertainment of someone's subjective intent or purpose motivating actions on his part is frequently difficult, and his true intention is to be determined not only from the direct testimony as to intent but from a consideration of all the evidence. Army Times Sales Co., 35 T.C. 688, and American Properties, Inc., 28 T.C. 1100, affd. (C.A. 9) 262 F. 2d 150. Here, the record persuades us that petitioner's primary purpose in attending law school was to attain *187 professional status as an attorney. After having worked his way through his undergraduate studies, and prior to his employment by the Federal Government, the petitioner indicated his desire to study law and to work while doing so in a position which involved legal work. His subsequent activities were consistent with such desire. He accepted employment with the Internal Revenue Service as a revenue officer, a position which did not require a law degree but one which involved legal work. Only a little more than a year after he completed his basic training as a revenue officer, he transferred from Brunswick to Atlanta at his request and at his expense in order to attend law school at night at Emory University School of Law. He so attended law school from September 1964 until September 1967, at which time he was graduated with a J.D. degree. Shortly thereafter, on January 2, 1968, he left his employment with the Internal Revenue Service and entered the private practice of law. In view of the above, it is our conclusion, and we have found as a fact, that the legal education was not undertaken by the petitioner primarily for the purpose of maintaining or improving skills required in his *188 employment as a revenue officer, but, rather, was undertaken primarily for the purpose of enabling him to pass the bar examination and qualify for the practice of law. It follows that the expenditures for such education are not deductible as ordinary and necessary business expenses. Rather, they are nondeductible personal expenses. Decision will be entered for the respondent. Footnotes
1. Revenue officers are to be distinguished from revenue agents. The former are in the collection division. The latter are in the audit division and their primary function is to audit returns.↩
2. The total number who obtained degrees is not shown.↩
3. Such Regulations provided in part as follows: § 1.162-5. Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, * * * * * * Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purpose described in subparagraph (1) of this paragraph. * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.↩